IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BRIAN MARVIN,<br><br>　　　　　　　　　　Appellant,<br><br>　v.<br><br>VICKIE MARVIN<br>and<br>FRANK UVANNI,<br><br>　　　　　　　　　　Appellees. | Civil Action Number 3:08cv695 |

## MEMORANDUM OPINION

This is an appeal from a bankruptcy proceeding pursuant to Title 28, United States Code, Section 158(a). The case concerns the bankruptcy judge's September 24, 2008 Order dismissing the appellant's complaint and adversary proceedings on *res judicata* grounds, as explicated in the judge's November 3, 2008 Memorandum Opinion. For the reasons stated below, the Court affirms the bankruptcy court's dismissal.

## I. FACTS AND PROCEDURAL HISTORY

On December 5, 2006, Brian Marvin ("appellant") filed a Chapter 7 bankruptcy case in an apparent attempt to avoid being held in contempt and possibly imprisoned by the Circuit Court of the County of Hanover ("Hanover Circuit Court") for violating a series of state court orders regarding the custody of his minor child. On March 12, 2007, appellant received his discharge pursuant to Title 11, United States Code, Section 727. Subsequently, on May 10, 2007, the Hanover Circuit Court determined that the monetary judgment awarded under its prepetition child custody orders was a domestic support obligation and therefore nondischargeable in bankruptcy ("the Hanover Circuit Court Order"); the Hanover Circuit Court also reaffirmed the appellant was in contempt of its orders. Thereafter, appellant appealed this determination to the Court of Appeals

of Virginia ("Virginia Court of Appeals"), which affirmed by its April 22, 2008 opinion *Marvin v. Marvin*, 659 S.E.2d 579 (Va. Ct. App. 2008), the Hanover Circuit Court Order.

On May 5, 2008, the appellant filed a *pro se* complaint against his ex-wife, Vickie Marvin, and her attorney, Frank Uvanni, (collectively "appellees"), essentially alleging that he received a discharge of debt for the attorney's fees, which the state courts wrongly determined to be a nondischargeable domestic support obligation, and that the appellees violated the discharge injunction by trying to enforce this debt. In filing this complaint, appellant sought to reverse the determinations by the Hanover Circuit Court and the Virginia Court of Appeals that the prepetition monetary judgement was excepted from his discharge in bankruptcy. On July 3, 2008, Vickie Marvin filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that *res judicata* barred the new bankruptcy action. After a September 16, 2008 hearing on the motion to dismiss, the bankruptcy court entered an order on September 24, 2008 dismissing the complaint and adversary proceedings with prejudice because *res judicata* precluded the relitigation of the dischargeability of this debt in federal court. On October 28, 2008, the appellant filed a notice of appeal from the bankruptcy court's dismissal order. According to his November 10, 2008 "statement of issues," the basis for this appeal is appellant's contention that *res judicata* should not prevent the bankruptcy court from determining the dischargeability of the debt for attorney's fees.

## II. LEGAL ANALYSIS

The appeal deals solely with a legal issue; thus, the applicable standard of review is *de novo*. *Bunker v. Peyton (In re Bunker)*, 312 F.3d 145, 150 (4th Cir. 2002); *Ford Motor Credit Co. v. Reynolds & Reynolds Co. (In re JKJ Chevrolet, Inc.)*, 26 F.3d 481, 483 (4th Cir. 1994).

Pursuant to the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). When state courts lack concurrent jurisdiction under Title 11, United States Code, Section 523, federal courts cannot give *res judicata* effect to state court determinations of dischargeability under Section 523. *See Brown v. Felson*, 442 U.S. 127 (1979). However, state courts have concurrent jurisdiction to determine dischargeability under Title 11, United States Code, Section 523(a)(5). *See Monsour v. Monsour*, 372 B.R. 272, 278 (Bankr. W.D. Va. 2007).

In the instant case, the state courts applied federal law to determine that the prepetition monetary judgment was a nondischargeable domestic support obligation. *See Marvin v. Marvin*, 659 S.E.2d 579, 581-583 (Va. Ct. App. 2008) (examining 11 U.S.C. §§ 523(a)(5) and 101(14A) and myriad federal cases). As the state courts exercised their concurrent jurisdiction and relied upon federal law, the *Brown* rationale is inapplicable. The appellant chose to fully litigate the issue of the dischargeability of this debt in state court rather than in federal court, as was his option. *See* Fed. R. Bankr. P. 4007(a). Thus, the doctrine of *res judicata* is applicable to this case, for having had an opportunity to fully and fairly litigate the issue of dischargeability in state court, the appellant cannot attempt to circumvent an adverse ruling by challenging this determination in federal court.[1]

The bankruptcy judge reviewed the submissions of the parties, including the Virginia Court of Appeals opinion, and held a hearing on this matter. He heard testimony and considered all of the

---

[1] Appellant's argument focuses on the theoretical application of the doctrine of *res judicata* to these types of bankruptcy cases. To the extent, however, that appellant would seek to challenge the practical application of the doctrine to his particular case, the Court notes that *res judicata* was properly applied, for the appellant sought to relitigate the exact same legal and factual issues in federal court as had been extensively litigated in state court.

evidence. The bankruptcy court properly applied the appropriate legal standards, and its conclusions of law are supported by the record. Accordingly, the bankruptcy court's dismissal of the appellant's complaint and adversary proceedings on *res judicata* grounds is affirmed

An appropriate Order shall issue.

<u>January 21, 2009</u>                        /s/
DATE                RICHARD L. WILLIAMS
                    SENIOR UNITED STATES DISTRICT JUDGE